IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY HEISERMAN, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 13-1007 |
| | : | |
| MARIPOSA LAMAS, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 28th day of October, 2013, upon consideration of the Petition for Writ of Habeas Corpus, Respondents' Opposition thereto, the Report and Recommendation of United States Magistrate Judge Thomas J Rueter dated August 26, 2013, Petitioner's objections to the Report and Recommendation, and after a thorough and independent review of the record, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**[1];

---

[1] The Report and Recommendation adequately explains why Petitioner's habeas filing is untimely. In his objections, Petitioner primarily complains that the delay is attributable to the Commonwealth "denying the petitioner any of the tools required to perfect his appeal," i.e., trial transcripts and other court records. But this objection, even if accepted, would not cure the untimeliness of the petition. Petitioner's conviction became final on August 27, 2009, when the 30-day period for taking a direct appeal to the Superior Court of Pennsylvania expired. See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Petitioner did file several motions seeking transcripts and other court records, and appealed the denial of one of them. His appeal was dismissed on September 3, 2010, for failure to file a brief. Even if the Court were to exclude all this time from the calculation (already over a year), the petition would still be late.

Following dismissal of his appeal, Petitioner filed a motion to "reinstate" his state post-conviction relief act (PCRA) application (which had been denied for lack of jurisdiction while his appeal from the order denying him transcripts was pending) on June 23, 2011, 293 days later. The statute of limitations would have been tolled from June 23, 2011 until the denial of PCRA relief was affirmed on the merits by the Pennsylvania Superior Court on September 14, 2012, and the time to seek allowance of appeal expired 30 days later, on October 14, 2012. See Swartz v. Meyers, 204 F.3d 417, 420 (2000) (holding AEDPA limitations period tolled during time for

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** as untimely; and

4. There is no probable cause to issue a certificate of appealability.

                    **BY THE COURT:**

                    /s/ Mitchell S Goldberg

                    _____
                    **MITCHELL S. GOLDBERG, J.**

---

seeking allowance of appeal of denial of PCRA relief in state court). From that point, because Petitioner had already used 293 days of the 1 year AEDPA statute of limitations, see 28 U.S.C. § 2244(d), he had 72 days in which to file his habeas petition in federal court. However, the instant petition was not executed until February 20, 2013, another 129 days, making the petition untimely by several months. Thus, even on the most generous of calculations, Petitioner's habeas filing was out of time. He further has not established any extraordinary circumstances of the type that would warrant equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Accordingly, his objections are overruled.